Thomas M. Melton (4999)
Securities and Exchange Commission
15 West South Temple Street
Suite 1800
Salt Lake City, UT 84101
Tel: (801) 524-6748
Email: meltont@sec.gov

John Bowers (*pro hac vice*)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Tel: (202) 551-4645
Email: bowersj@sec.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

SECURITIES AND EXCHANGE COMMISSION,  :
                                                         :
                Plaintiff,                   :
                                                   :
         v.                          :   Case No. 2:11-cv-01219 DN
                                                   :
KEVIN J. WILCOX, JENNIFER E. THOENNES, :
and ERIC R. NELSON                           :   **FINAL JUDGMENT AS TO**
                                                   :   **DEFENDANT KEVIN J.**
              Defendants,             :   **WILCOX**
                                                   :
                                                   :

---

       The Securities and Exchange Commission having filed a Complaint and Defendant Kevin J. Wilcox (hereinafter "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by knowingly or recklessly providing substantial assistance to any other person who violates Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

V.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, without being registered with the Commission as a broker or dealer or an associated person of a broker-

dealer, acting as a broker or dealer and making use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security.

VI.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly or recklessly providing substantial assistance to any other person who violates Section 15(a) of the Exchange Act by, without being registered with the Commission as a broker or dealer or an associated person of a broker-dealer, acting as a broker or dealer and making use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security.

VII.

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $120,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,443 for a total of $131,443. Based on Defendant's sworn representations in his Statement of Financial Condition dated September 16, 2011, his updated Statement of Financial Condition dated February 27, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and is requiring Defendant to pay only $23,230 of the $131,443 in disgorgement and pre-judgment interest for which Defendant is liable. Defendant

shall satisfy this obligation by paying $23,230 to the Securities and Exchange Commission pursuant to the payment schedule set forth in paragraph VIII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kevin J. Wilcox as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

If Defendant fails to make any payment required by this Final Judgment, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law). Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon

(collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The determination not to impose a civil penalty and to waive payment of all but $23,230 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition, as updated. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of

the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VIII.

IT IS FURTHER ORDERED that Kevin J. Wilcox shall pay $23,230 to the Commission according to the following schedule:

a. $16,030 plus post-judgment interest pursuant to 28 U.S.C. § 1961.  Pursuant to the Temporary Restraining Order Freezing Assets, Granting Other Relief, and Order to Show Cause entered by the Court in *Securities and Exchange Commission v. Zufelt, et al.*, 2:10-cv-00574-DB (D. Utah) on June 23, 2010, these funds are frozen in Defendant's U.S. Bank account ending in 2410 and State Farm Bank account ending in 4410 (the "Frozen Accounts").  Defendant hereby waives all legal and equitable right, title, and interest in the $16,030 in the Frozen Accounts, and these funds shall not be returned to Defendant.  The Commission will move the Court in *SEC v. Zufelt* to lift the June 23, 2010 Order as to the Frozen Accounts, and the funds in those accounts will be released directly to the Commission.

b. $7,200 plus post-judgment interest in 36 installments to the Commission according to the following schedule: $200 within 14 days of entry of this Final Judgment, and $200 on the first of each month thereafter for the next 35 months.  Payments shall be

deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Kevin J. Wilcox shall contact the staff of the Commission for the amount due for the final payment.

If Defendant Kevin J. Wilcox fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IX.

IT IS FURTHER ORDERED that the Defendant has agreed to cooperate with the Commission in the Commission's pending enforcement action, as well as in any related proceedings or actions, and that if at any time following the entry of the Final Judgment the Commission obtains information indicating that a Defendant knowingly provided materially false or misleading information or materials to the Commission, the Commission may, at its sole discretion and without prior notice to that Defendant, petition the Court to vacate this Final Judgment and restore this action, including all of the original allegations in the Complaint, to its active docket.

X.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: February 19, 2013

_____
DAVID NUFFER
UNITED STATES DISTRICT JUDGE