Thomas M. Melton (4999)
Securities and Exchange Commission
15 West South Temple Street
Suite 1800
Salt Lake City, UT 84101
Tel:  (801) 524-6748
Email:  meltont@sec.gov

John Bowers (*pro hac vice*)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Tel:  (202) 551-4645
Email:  bowersj@sec.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

-----------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                    Plaintiff,        :
                                      :
         v.                           :      Case No. 2:11-cv-01219-DN
                                      :
KEVIN J. WILCOX, JENNIFER E. THOENNES, :
and ERIC R. NELSON                    :      **FINAL JUDGMENT AS TO**
                                      :      **DEFENDANT ERIC R.**
                    Defendants,       :      **NELSON**
                                      :
                                      :
-----------------------------------------------------------------


        The Securities and Exchange Commission having filed a Complaint and Defendant Eric

R. Nelson (hereinafter "Defendant") having entered a general appearance; consented to the

Court's jurisdiction over him and over the subject matter of this action; consented to entry of this

Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

## I.

IT IS HEREBY ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by knowingly or recklessly providing substantial assistance to any other person who violates Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $168,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $55,103, for a total of $223,103.  Based on Defendant's sworn representations in his Statement of Financial Condition dated August 4, 2011, his updated Statement of Financial Condition dated December 17, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional

4

discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of

the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the

Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest

or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-

judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty

allowable under the law; or (6) assert any defense to liability or remedy, including, but not

limited to, any statute of limitations defense.  Defendant shall also pay post-judgment interest on

any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED that the  Defendant has agreed to cooperate with the

Commission in the Commission's pending enforcement action, as well as in any related

proceedings or actions, and that if at any time following the entry of the Final Judgment the

Commission obtains information indicating that a Defendant knowingly provided materially

false or misleading information or materials to the Commission, the Commission may, at its sole

discretion and without prior notice to that Defendant, petition the Court to vacate this Final

Judgment and restore this action, including all of the original allegations in the Complaint, to its

active docket.

## VI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the

purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:  April 12, 2013

_____
DAVID NUFFER
UNITED STATES DISTRICT JUDGE